Thomas Lloyd WHITE, Jr. and Michael S. Parks, Appellants,

v.

The STATE of Texas, Appellee.

No. 59431.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 15, 1978.

On Rehearing March 7, 1979.

None for appellant.

Henry Wade, Dist. Atty. and Harry Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is a bond forfeiture proceeding, wherein final judgment was entered against appellants on August 29, 1974, and a bill of review denied December 2, 1976. On December 8, 1976, notice of appeal was given and the appeal and supersedeas bonds filed.

Rule 386, Texas Rules of Civil Procedure, provides that an appellant shall file the transcript and statement of facts with the clerk of the appellate court "within sixty days from the rendition of the final judgment and order overruling motion for new trial, or perfection of writ." No transcript or statement of facts has been filed with this Court by appellant.

On August 23, 1978, Appellee, the State of Texas, filed in this Court a Motion for Affirmance on Certificate pursuant to Rule 387, Texas Rules of Civil Procedure. This rule provides that if appellant fails to file a transcript in the proper time, the appellee may, upon motion, have the case affirmed on certificate; however, this rule further provides that no affirmance of the judgment on certificate shall be had against the sureties on the bond unless the motion to so affirm has been filed within one year after the right to file the transcript has expired. It is apparent that the period of time allowed for appellant to file a transcript of the record in this case has elapsed. It is also apparent that appellee's motion for affirmance on certificate was not timely filed. Accordingly, Appellee, the State of Texas, is entitled to have the judgment affirmed against the principal, but not the surety, upon the bond. *Gonzales and Crutchfield v. State*, 576 S.W.2d 406 (Tex.Cr.App.1978); *Jernigan v. State*, 449 S.W.2d 251 (Tex.Cr. App.1968).

Appellee's motion to affirm on certificate as to appellant, Thomas Lloyd White, Jr., is affirmed.

Appellee's motion to affirm on certificate as to appellant, Michael S. Parks, is denied and dismissed.

Before the court en banc.

## ON APPELLEE'S MOTION FOR REHEARING

DOUGLAS, Judge.

Appellant is a surety appealing from a judgment forfeiting an appearance bond.

In our original opinion we held that under Rule 387, Texas Rules of Civil Procedure, a Motion for Affirmance on Certificate must be filed within one year after the appellant's right to file the transcript has expired. The recent case of *Gonzales v. State*, 576 S.W.2d 406 (Tex.Cr.App., 1979), held that the word "bond" in Rule 387(c) refers to an appeal bond or supersedeas bond, not an appearance bond.

Accordingly, appellee's motion for affirmance on certificate was timely filed and the judgment is affirmed.

The appellee's motion for rehearing is granted. The judgment is affirmed.